Bennett v. State—Syllabus.

OLLIE BENNETT, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed November 25, 1913.

CRIMINAL LAW—ANTE MORTEM STATEMENTS—WHEN
ADMISSIBLE—PREDICATE MUST BE LAID FOR IMPEACH-
MENT OF WITNESS BY PROOF OF CONTRADICTORY
STATEMENTS—ORAL REHEARSAL OF DEFEND-
ANTS EVIDENCE AT CORONERS INQUEST.

1.  To render dying declarations admissible, the trial judge must
    be fully satisfied that the deceased declarant, at the time of
    their utterance, believed that his death was imminent and in-
    evitable, and that he entertained no hope of recovery.  This
    absence of all hope of recovery, and appreciation by the
    deceased of his speedy and inevitable death, is a preliminary
    foundation that must always be laid to make such declara-
    tion admissible.  It is a mixed question of law and fact for
    the presiding Judge to decide before permitting the introduc-
    tion of the declaration itself.  It is not necessary that such
    preliminary foundation should be proven by express utter-
    ances of the deceased, but it may be gathered from any
    circumstance or from all the circumstances of the case.

2.  Before testimony is admissible to impeach a witness by show-
    ing that he had made statements on another occasion that
    were contradictory of his present testimony a proper predi-
    cate must be laid for such impeaching testimony by calling
    the attention of the witness to be impeached to the alleged
    contradictory statements, and to the occasion when it is
    alleged they were made, and by affording him an oppor-
    tunity to explain, confess or deny such supposed contradictory
    statements.

3.  While Section 4094 of the General Statutes of 1906 requires
    that testimony of witnesses at a coroner's inquest must be
    reduced to writing, and though the coroner disregards this
    statute and fails to take down in writing the testimony of

the witness at such inquest, yet this does not forbid the coroner or anyone else who heard the testimony at said inquest and clearly remembers it from afterwards testifying orally as to what said testimony was in any cause to which it was pertinent and relevant.

Writ of error to Circuit Court of Jackson County; D. J. Jones, Judge.

Judgment affirmed.

*Amos E. Lewis,* and *Thos. E. Walker,* for Plaintiff in error;

*T. F. West,* Attorney-General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, upon an indictment charging him with murder in the first degree, was tried in the Circuit Court of Jackson County and convicted and sentenced for manslaughter, and seeks reversal of such judgment by writ of error.

A witness for the State testified to an ante mortem statement made to him by the deceased as to the facts relative to how, when and where and from whom he received his death wound, this ante mortem statement was objected to on the ground that no proper predicate had been laid for its introduction, but the court overruled the objection and admitted the dying declaration in evidence, and this ruling constitutes the first assignment of error. The predicate laid for the introduction of this declaration by the deceased, was in substance as follows: The physician who attended him and who reached him first within seven or eight hours after he was shot, testified that after

making a careful examination of the wound in the arm
and side of the deceased and after he and another physi-
cian had cut the deceased open and found the tissues of
the stomach all torn up and lacerated by the shot, and
after he had sewn up the opening made by him and the
other physician, he told the deceased that if he had ar-
rangements to make or anything to say that he had betier
attend to it as he did not have long to live. That the
deceased then told him that he knew he was going to die.
That before that the deceased repeatedly told him that
he was going to die, and that he tried to encourage him
in every way that he could not to believe that he was
going to die, but that he was unable to do so; that the
deceased said all along that he was going to die, and said
he knew he had a death wound, and that he had told his
parents he was going to die. And that he did die within
two or three days after receiving the wound. We think
this was a sufficient predicate for the admission of the
dying declaration of the deceased.

In Copeland v. State, 58 Fla. 26, 50 South. Rep. 621, it
was held that: "To render dying declarations admissible,
the trial judge must be fully satisfied that the deceased
declarent, at the time of their utterance believed that his
death was imminent and inevitable, and that he enter-
tained no hope of recovery. This absence of all hope of
recovery, and appreciation by the deceased of his speedy
and inevitable death, is a preliminary foundation that
must always be laid to make such declarations admissible.
It is a mixed question of law and fact for the Judge to
decide before permitting the introduction of the declara-
tion itself. It is not necessary that such preliminary
foundation should be proven by express utterances of the
deceased, but it may be gathered from any circumstance
or from all the circumstances of the case." Here we have

the deceased saying repeatedly that he knew he was going to die both before and after his physician had told him he did not have long to live, and at no time expressing the slightest hope of recovery, but on the contrary still persisting in the expression of his belief in his inevitable death from the wound he had received, after his physician had tried to dissuade him from such belief. Dixon v. State, 13 Fla. 636; Richard v. State, 42 Fla. 528, 29 South. Rep. 413; Clemmons v. State, 43 Fla. 200, 30 South. Rep. 699; Gardner v. State, 55 Fla. 25, 45 South. Rep. 1028. The court below committed no error in this ruling.

The second assignment of error is the ruling of the trial court in granting the motion of the State's attorney to strike the evidence of one of the defendant's witnesses who was introduced by the defendant to impeach a witness for the State by proving that the State's witness had made statements in his presence that materially contradicted the witness' testimony at the trial. The motion granted to strike the evidence of this witness was upon the ground that there had been no proper predicate laid for its introduction. We fail to find in the record any examination of the State's witness sought to be impeached calling his attention to this conversation sought to be proven by the defendant's witness, nor any opportunity given the State's said witness to explain, confess or deny such supposed contradictory statements alleged to have been made by him, therefore there was no proper predicate laid for the introduction of such impeaching evidence and the court below committed no error in the ruling complained of.

The State introduced as a witness the County Judge of the county who acted as coroner in conducting the inquest over the deceased, and who testified that the testimony of the witnesses at the inquest had not been reduced

to writing, and then testified as to evidence given by the defendant at said inquest. The defendant objected to this repetition of his testimony at the inquest on the ground that it had not been reduced to writing, but the court below overruled the objection and permitted the witness to testify, and this ruling constitutes the third assignment of error. While section 4094 of the General Statutes of 1906, requires that testimony of witnesses at a coroner's inquest must be reduced to writing, and though the coroner in this instance failed to observe this statute, yet because the testimony at said inquest was not reduced to writing did not forbid the coroner or any one else who heard the testimony at said inquest and clearly remembered it from afterwards testifying as to what said testimony was in any cause to which it was pertinent and relevant. The court committed no error in this ruling.

The fourth assignment of error complains of a charge given by the court to the jury at the request of the State's Attorney. We discover nothing improper or erroneous in this charge. It stated the law involved correctly and was justified by the issues and the facts in proof. ,

The fifth and last assignment of error complains of the denial of the defendant's motion for new trial made upon the grounds that the verdict returned was contrary to the law, the charge of the court and the evidence. While there is conflict in the evidence, yet there was ample to sustain the verdict returned if believed by the jury, they have settled the conflicts therein on the side of the prosecution, and we see nothing in the record that would justify us in disturbing their finding on the facts.

Finding no error, the judgment of the court below in said cause is hereby affirmed, at the cost of Jackson County, the defendant having been adjudged to be insolvent.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHIT-
FIELD, J. J., concur.