NANCY MALONE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 27, 1916.

1. Under an indictment for homicide, where the State seeks to introduce a dying declaration of the deceased in evidence, it should be first shown to the satisfaction of the court that at the time the declarations were made the deceased not only considered himself in imminent danger of death, but that he evidently was without hope of recovery. The circumstances under which the statements were made must be shown, in order that the court may determine whether the statements are admissible as dying declarations.

2. The utmost care and caution should be exercised by the court in the admission of dying declarations, since such declarations are necessarily a species of hearsay evidence and their admission in evidence is an exception to the general rule of evidence which requires that the witness shall be sworn and the defendant given privilege of cross-examination.

3. Whether a sufficient and proper predicate has been laid for the admission in evidence of dying declarations is a primary matter for determination by the trial court, being a mixed question of law and fact, and the judgment of such court thereon is entitled to great weight, every presumption being in favor of its correctness, but such ruling·is subject to review by an appellate court, though it will not be disturbed, unless it clearly appear to be erroneous. If the appellate court is clearly convinced that the trial court committed error in admitting such dying declarations, it is its duty to pass upon such ruling, when the same is properly assigned as error, and to reverse the judgment if necessary for the furtherance of justice.

4. In proving dying declarations only such statements should be received as evidence as relate to what actually transpired, who were the actors, the position of persons, what was said by the parties, what were the instruments used, who used them and how, and like matters, excluding, if possible, everything except what relates to the *res gestae*.

5. It may be harmful error, as in this case, to admit evidence of a portion of a dying declaration that is inadmissible as dying declarations.

Writ of Error to Circuit Court, Taylor County; M. F. Horne, Judge.

Judgment reversed.

*E. C. Calhoun* and *C. P. Diamond,* for· Plaintiff in Error;

*T. F. West, Attorney General,* for the State.

PER CURIAM.—Upon an indictment found March 24, 1915, Nancy Malone was convicted of murder in the first degree for the homicide of Emma McGriff alleged to have

been committed October 13, 1907. Writ of error was taken.

At the trial a witness, over objection and exception, testified to a dying declaration made by the decedent as follows: "She told me she was going to die. * * * She did not express any hope of getting well, but said she could not get well. She said that woman (Nancy Malone) shot her on account of a fight they had. She said she was shot. That is about all I remember. That is all I remember that she said about her condition. She said she was shot. * * * That was the day before her death. She did not say when she expected to die. She did not say when she was going to die or how soon she was going to die. I don't know what she said about what caused her to be shot. She said that Nancy Malone shot her, and that it was on account of a fight they had that evening that Nancy had shot her. Emma McGriff did not live over three days after this. I saw her after that nearly every day. I think she was taking medicine. I don't think she refused to take medicine. All she said was that Nancy Malone shot her. She said she knew it was on account of the fight that afternoon."

Under an indictment for homicide, where the State seeks to introduce a dying declaration of the deceased in evidence, it should be first shown to the satisfaction of the court that at the time the declarations were made the deceased not only considered himself in imminent danger of death, but that he evidently was without hope of recovery. The circumstances under which the statements were made must be shown, in order that the court may determine whether the statements are admissible as dying declarations.

The utmost care and caution should be exercised by the court in the admission of dying declarations, since

such declarations are necessarily a species of hearsay evidence and their admission in evidence is an exception to the general rule of evidence which requires that the witness shall be sworn and the defendant given privilege of cross-examination.

Whether a sufficient and proper predicate has been laid for the admission in evidence of dying declarations is a primary matter for determination by the trial court, being a mixed question of law and fact, and the judgment of such court thereon is entitled to great weight, every presumption being in favor of its correctness, but such ruling is subject to review by an appellate court, though it will not be disturbed, unless it clearly appear to be erroneous. If the appellate court is clearly convinced that the trial court committed error in admitting such dying declarations, it is its duty to pass upon such ruling, when the same is properly assigned as error, and to reverse the judgment if necessary for the furtherance of justice. Gardner v. State, 55 Fla. 25, 45 South. Rep. 1028 Bennett v. State, 66 Fla. 369, 63 South. Rep. 842; Dixon v. State, 13 Fla. 636; Copeland v. State, 58 Fla. 26, 50 South. Rep. 621; Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. Rep. 50; People v. Hodgdon, 55 Cal. 72; 1 Elliott on Evidence, §349.

In proving dying declarations only such statements should be received as evidence as relate to what actually transpired, who were the actors, the position of persons, what was said by the parties, what were the instruments used, who used them and how, and like matters, excluding, if possible, everything except what relates to the *res gestae*. Savage v. State, 18 Fla. 909; 24 Ann. Cas. 429, note.

Assuming that it sufficiently appears from the evidence as to the dying declaration that when the deceased

made the declarations testified to, she considered her death to be imminent, and that she evidently was without hope of recovery, the evidence contains matters that were inadmissible.

A portion of the declaration testified to was that "she said that woman shot her on account of a fight they had. * * * She said that Nancy Malone shot her, and that it was on account of a fight they had that evening that Nancy had shot her. * * She said she knew it was on account of the fight that afternoon." These portions related not to the *res gestae*, but to a past and distinct transaction and to the opinion of the decedent as to the motive of the accused; and a motive was material in the trial which was confined to murder in the first degree, all prosecutions for lower offenses under the indictment being barred by the statute of limitations. Such portions of the testimony should have been excluded. 1 R. C. L. 533-535, §§75-78.

Under the circumstances of this case, there was harmful error in admitting the testimony last above set out.

The judgment is reversed.

Taylor, C. J., and Shackleford, Cockrell, Whitfield and Ellis, JJ., concur.