AARON ANDERSON v. STATE.

182 So. 643.
Opinion Filed July 6, 1938.
Rehearing Denied July 25, 1938.

*G. C. Durrance,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.—This case is here on writ of error to the Circuit Court of Okeechobee County, Florida. On September 9, 1936, a Grand Jury of said County presented an indictment charging Aaron Anderson on July 1, 1936, with the killing of Emma Hartsfield in Okeechobee County, Florida. On May 10, 1937, at a special term of the said Circuit Court the said Aaron Anderson was arraigned on said indictment and entered or caused to be entered thereto a plea of not guilty. On the ,20th day of May, 1937, the cause was tried before a jury and after hearing all the evidence, argument of counsel and charge of the court upon the law of the case, the jury returned a verdict against said Aaron Anderson of murder in the second degree. He was by the lower court sentenced to the State Penitentiary at hard labor for a period of twenty years. He has perfected his appeal to this Court and has assigned a number of errors for the reversal of the said judgment entered against him.

One of the first assignments here is that the lower court erred in admitting into evidence, over the defendant's objection, the dying declaration of Emma Hartsfield. The evidence shows that Claude Simmons, the Sheriff of Okeechobee County, reached the scene of the shooting between 10 and 20 minutes after Emma Hartsfield was shot. He found her lying on an old bench and upon examination found that she had been shot, and that the ball went into her body, penetrated her liver and passed out her back. She was in considerable pain and when he asked her what was the matter, she said: "Mr. Claude, he shot me." "I said, who shot you?" and she said: "Aaron, and he killed me, Mr. Claude, he killed me, I am dying." The Sheriff asked: "What did he shoot you for, Emma?" She caught her breath a little bit and said: "He shot me for nothing, he shot me for nothing, for not a thing in the world." * * * "He called me off and said if I wouldn't go with him

I wouldn't go with anyone else * * * and he pointed with his pistol and it snapped, and I said, Aaron, don't shoot me, don't shoot me, I will get Mr. Claude'" and she says she backed off a few feet from him and the gun fired. She died fourteen days later as shown by the evidence.

In the case of Johnson v. State, 113 Fla. 461, 152 So. 176, this Court had before it for consideration the admissibility of a dying declaration and said:

"Whether a sufficient and proper predicate has been laid for the admission in evidence of a dying declaration, is a primary matter for determination by the trial court, being a mixed question of law and fact, and the judgment of the trial court thereon is entitled to great weight, every presumption being in favor of its corrcetness. Such ruling is subject to appellate review, but it will not be disturbed unless it clearly appears to be erroneous. That declarant at the time of his dying declaration, entertained no hope of recovery, and that he knew and appreciated his condition as being that on an approach to certain and imminent death may be gathered from proof of the surrounding circumstances, as well as from all the circumstances of the case. It is not indispensable that the deceased declare *totidem verbis* that he entertains no hope whatever of recovery, and realizes that death is imminent and unavoidable, where he understood the nature of his injury is such as to establish beyond all reasonable doubt that declarant must have known and believed he was talking as a man on the threshold of mortal dissolution. Seal v. State, 89 Fla. 439, 105 Sou. Rep. 137; Richardson v. State, 80 Fla. 634, 86 Sou. Rep. 619; Gardner v. State, 55 Fla. 25, 45 Sou. Rep. 1028; Bennett v. State, 66 Fla. 369, 63 Sou. Rep. 842; Folks v. State, 85 Fla. 238, 95 Sou. Rep. 619; Copeland v. State, 58 Fla. 26, 50 Sou. Rep. 621; Malone v. State, 72 Fla. 28, 72 Sou. Rep. 415."

There was no error in admitting into evidence for consideration of the jury the dying declaration of Emma Hartsfield, *supra,* over the objection of counsel for the defendant.

It is next contended that the lower court erred in overruling the defendant's motion for a new trial and the grounds thereof to the effect that the verdict was contrary to the evidence, and not supported by the evidence. The evidence in this case, as shown by the record, was conflicting and presented purely a question to be decided by the jury. Where there is evidence from which all the essential elements of a crime may legally have been found, and it does not appear that the jury was influenced by considerations other than the evidence, the order of the trial court refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions for the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust. See Pickerson v. State, 94 Fla. 268, 113 So. 707; Bullard v. State, 95 Fla. 997, 117 So. 381. There is no merit to this assignment.

It is next contended that the lower court erred in charging the jury as follows:

"The Court charges you that under the law the defendant may become a witness and testify in his own behalf, and, in consideration of his testimony and the weight and credibility which should be given to the same, it is proper for you to take into consideration the interest which the defendant has in the trial and its result, and all the circumstances by which he is surrounded at the time he testified, and also the reasonableness or unreasonableness, the proba-

bility or improbability of what he says, just as you would the testimony of any other witness."

The rule established in considering assignments predicated on instructions on the law, as given by the trial court, is that the one assigned as error must be considered in connection with all other instructions and charges bearing on the same subject. The rule is well expressed in Lewis v. State, 55 Fla. 54, 45 So. 998, when this Court said:

"It is settled law in this Court that in passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided here at this term. It is also settled law here that where an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein. Atlantic Coast Line R. Co. v. Crosby, *supra*, and authorities therein cited."

After a careful consideration of the entire record we fail to find reversible error and it further appearing that

substantial justice was awarded in the court below, it follows that the judgment appealed from should be and is hereby affirmed.

WHITFIELLD, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—I think the charge complained of, standing alone, was entirely proper. The court did not instruct the jury that they *must* consider the testimony of the defendant in the light of the fact that he was the defendant and interested in the result of the trial, but in effect, that it was within their province to do so, that is, that they might properly consider his testimony in the light of that fact.