148 So.2d 56 (1963)
Willie C. HANCOCK, Administratrix of the Estate of G.M. Hancock, Deceased, Appellant,
v.
Morton and Thelma S. McDONALD and William Wilmer Frost, Jr., Appellees.
No. D-351.
District Court of Appeal of Florida. First District.
January 3, 1963.
*57 Randolph & Houk, Stuart, for appellant.
Alfred A. Green, Jr., Daytona Beach, for appellees.
CARROLL, DONALD K., Chief Judge.
The plaintiff in a wrongful death action has appealed from an adverse final judgment entered by the Circuit Court for Volusia County, based upon a jury verdict.
The administratrix of a deceased boy's estate filed the action seeking damages for the boy's death resulting from a collision between an automobile he was driving and an automobile being operated by the defendant Frost and owned by the defendants Morton and Thelma McDonald. At the trial the jury brought in a verdict for the defendants McDonald and against the defendant Frost.
The appellant's principal contention on this appeal is that the trial court committed reversible error in sustaining the defendants' objection to certain impeachment testimony proffered by the plaintiff by way of rebuttal evidence.
The evidentiary situation pertinent to the question of the admissibility of that testimony is as follows:
The evidence established that the defendants McDonald owned the automobile driven by the defendant Frost at the time of the collision and that prior to such time they had permitted their son, William McDonald, Jr., to use it. In a pre-trial order the court had ordered that the sole issue for the jury to determine was whether, when the collision occurred, the defendant Frost was operating the vehicle with the knowledge and consent of the said son.
At the trial Frost testified that William McDonald, Jr., had given him permission to use the car, but the latter testified that Frost had no such permission when the collision occurred.
After the plaintiff and defendants had rested their cases in chief, the plaintiff called to the stand Frank Galbreath, a constable, as a rebuttal witness in an effort to prove that William McDonald, Jr., had previously made an inconsistent statement regarding such permission. The defendants objected to the proffered testimony. The trial court sustained their objection and refused the plaintiff's proffer of the constable's testimony.
In the absence of the jury, the plaintiff proffered the testimony of the constable that he was investigating to determine how Frost was in possession of the automobile, or whether he might have stolen it; that William McDonald, Jr., was brought to him, the constable, and under questioning stated that on the night in question he had loaned *58 his parents' automobile to Frost, but he had not expected Frost to go any great distance with the car.
The only ground stated and argued to the trial court by the defendants for their objection to the above proffered testimony, was that the statements made to the constable by William McDonald, Jr., were inadmissible in evidence because they were privileged under the provisions of Section 317.17, Florida Statutes, as statements made to an investigating officer. This section reads in pertinent part:
"317.17 Accident reports confidential.  All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or, upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirements that such a report be made to the department."
After argument by counsel for the parties, the trial court ruled that the said statements were privileged under the statute, and refused the proffered testimony. The court then directed a verdict against the defendant Frost and denied a motion by the defendants McDonald for a directed verdict in their favor.
The question whether the said statements were inadmissible under the quoted statute is a close one. The main problem is to decide whether William McDonald, Jr., was a member of the class of "persons involved in accidents" within the meaning of Section 317.17. The plaintiff-appellant contends that William McDonald, Jr., was not involved in the accident and that his statements were not made for the purpose of inclusion in an accident report. We are inclined to agree with this view, for William McDonald's statements were relevant only to the question of his parents' civil liability or to the question of the theft of the automobile. He was not at or near the scene at the time of the collision. He was not required to make an accident report, nor was there any showing that the said statements were included in any accident report. We think, therefore, that the trial court erred in ruling that the proffered testimony was inadmissible on the ground that it was privileged under Section 317.17. This error, however, did not constitute reversible error because the said testimony was inadmissible on another ground  that an insufficient predicate was laid for the introduction of such testimony, as discussed below.
The rule is firmly established in Florida that, before testimony is admissible to impeach a witness by showing that he had made statements on another occasion that were contradictory of his present testimony, a proper predicate must be laid for such impeaching testimony by calling the attention of the witness to be impeached to the alleged contradictory statements, and to the occasion when it is alleged they were made, and by affording him an opportunity to explain, confess, or deny such contradictory statements. Bennett v. State, 66 Fla. 369, 63 So. 842 (1913). In an earlier civil case, Montgomery v. Knox, 23 Fla. 595, 3 So. 211 (1887), the Supreme Court of Florida said concerning impeachment by prior inconsistent statements:
"The familiar rule on this subject is that evidence of this kind is not admissible, even to contradict a witness of the opposite party, unless the attention *59 of the witness, while giving his statement, has been called to the time, place, and circumstances of the contradictory statement, so as to afford him opportunity to refresh his memory, and make his answer advisedly."
This evidentiary rule is reflected in statutory form in Section 90.10, Florida Statutes, which provides:
"90.10 Impeachment of witness by adverse party.  If a witness, upon cross examination as to a former statement made by him relative to the subject matter of the cause and inconsistent with his present testimony, does not distinctly admit that he has made such statement, proof may be given that he did in fact make it; but before such proof can be given, the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to witness, and he must be asked whether or not he made such statements."
At the trial in the instant case William McDonald, Jr., testified that at the time of the collision Frost was driving the McDonald car without his permission. During his cross-examination by the plaintiff's counsel, the following transpired:
"Q. Did you ever tell anyone else that you had given Frost permission to use that car that night?
"A. No sir.
"Q. You have never told anyone that?
"A. No sir.
"Q. At any time?
"A. Never."
Later the following occurred:
"Q. Do you know Mr. Galbreath, Constable for New Smyrna Beach?
"A. Yes sir.
"Q. Did you ever discuss this with him?
"A. Yes sir. That was right after the accident. I think that the accident occurred in his jurisdiction, or something like that, and there was some sort of inquest over there."
The questions and answers just quoted constitute the sole attempted foundation for the introduction of the constable's impeachment testimony proffered by the plaintiff on rebuttal. Those questions and answers, in our opinion, are insufficient, under the rule and statute discussed above, to lay the necessary predicate for such testimony. The plaintiff failed to call to the witness' attention the alleged different statements, the time and place of making them, or the names of the persons present when they were made. The witness was thus not afforded an opportunity to explain, confess, or deny those statements. We hold, therefore, that the proffered impeachment testimony was inadmissible because of the failure to lay the proper predicate.
This holding activates an additional problem before us, resulting from the fact that the only ground which the defendants stated and argued to the trial court as justifying the exclusion of the proffered impeachment testimony, was that the alleged inconsistent statements were privileged under Section 317.17, Florida Statutes, which ground we held above to be insufficient.
Even though the trial court's exclusion of the proffered testimony was based upon an erroneous reason, we will not disturb that ruling because the court may have given a wrong or insufficient reason for it. Hoopes v. Crane, 56 Fla. 395, 47 So. 992 (1908). Wallace v. State, 41 Fla. 547, 26 So. 713 (1899). In the Hoopes case the Supreme Court of Florida quoted with approval the following statement of the rule in Eppstein v. Wolfe, 35 S.W. 52 (Tex.Civ. App.): "If the action of the court in excluding evidence is right, it does not matter how faulty may have been the reasons given for its action." See also Okeechobee County v. Florida Nat. Bank, 145 Fla. 496, 1 So.2d 263 (1941).
*60 In accordance with the above reasoning, we sustain the trial court's exclusion of the proffered testimony even though its ruling was based on an erroneous ground.
We have considered the other assignments of error filed in this appeal and find them to be without substantial merit. Accordingly, the final judgment appealed from should be and it is,
Affirmed.
STURGIS and WIGGINTON, JJ., concur.