306 So.2d 482 (1975)
Augustus CAMPBELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 45826.
Supreme Court of Florida.
January 8, 1975.
Charles Thomas Shad of the Law Offices of S. Perry Penland, Jacksonville, for petitioner.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for respondent.
OVERTON, Judge.
The First District Court of Appeal reluctantly affirmed the petitioner's conviction for manslaughter, relying on this Court's opinion in State v. Bryan, 287 So.2d 73 (Fla. 1973). It then certified its decision in this cause as one involving a question of great public interest. We accordingly have jurisdiction under Article V, Section 4(2), Florida Constitution.
The defendant was charged by information with second degree murder and was convicted of the lesser included offense of manslaughter. Trial testimony indicated a history of conflict between the defendant and the decedent. The defendant urged accidental death or, in the alternative, self-defense.
At the conference on jury instructions, the trial judge indicated that he was "going to instruct on all the instructions as provided in the Standard Jury Instructions" and on the lesser included offenses to second degree murder. In instructing the jury, however, he failed to give the complete charge on manslaughter, omitting the definition of culpable negligence.[1] At *483 the conclusion of the instructions, the trial judge asked whether there were any other requested instructions or objections. Both the State and the defense responded in the negative.
After a period of deliberation, the jury requested to be charged again on the lesser included offenses. The trial judge reiterated the previous instructions, again omitting to define culpable negligence. Defense counsel, then, for the first time, objected to the failure to define "culpable negligence." Believing the objection to be untimely made, the trial judge refused to give the requested instruction. The jury subsequently found the defendant guilty of manslaughter.
We reverse the District Court's affirmance, holding that the instant case is distinguishable from our opinion in State v. Bryan, supra.
In Bryan, we upheld the second degree murder conviction of a defendant who was indicted and tried for first degree murder. The trial judge, without any objection whatsoever at any time from defense counsel, failed to define the terms "evincing a depraved mind" in the second degree murder instruction and "culpable negligence" in the manslaughter instruction. We found no error in the failure to define "evincing a depraved mind," observing that "... [T]he average juror pretty well understands what a depraved mind is... ."
We made no similar statement in Bryan with respect to culpable negligence. On the contrary, we spoke of the importance of distinguishing simple or ordinary negligence from culpable negligence. The term "culpable negligence," unlike the term "depraved mind," is not one within a jury's average and ordinary understanding and intelligence. It is, in fact, a complex legal term and an essential element of the crime of manslaughter. Failure to define the phrase in Bryan was harmless error because the jury, which was obliged to return a verdict of guilty for the most serious crime supported by the evidence, found the defendant guilty of second degree murder.
The trial court's failure, upon request, to define "culpable negligence" in the instant case was error. It is apparent that the trial judge was reluctant to change an instruction previously given in the cause. Trial judges must have the discretionary power to further explain or define their instructions if the jury is confused or desires further guidance. Even more important is their authority to reinstruct in the event it is discovered during the jury's deliberations that an essential element was omitted in the original instructions.[2] Prior to such additional instructions, both parties must have an opportunity to be heard and to submit suggested instructions.
Under the circumstances of State v. Bryan, supra, the error was harmless. In the instant case, the jury found the defendant guilty of an offense that had not been fully and properly defined, and this error was not harmless.
Accordingly, the decision of the First District Court of Appeal is quashed and the cause is remanded with directions that the cause be remanded to the trial court for a new trial.
It is so ordered.
ADKINS, C.J., ERVIN and McCAIN, JJ., and FERRIS, Circuit Judge, concur.
NOTES
[1] The charge as given was:

"Now, under the charge also we have the offense of manslaughter, which is the killing of a human being by the act, procurement, or culpable negligence of another in cases where such killing shall not be justifiable or excusable homicide or murder."
The omitted portion is as follows:
"... Culpable negligence is the conscious doing of an act or following a course of conduct which any reasonable person would know would likely result in death or great bodily injury to some other person when this is done without the intent to injure any person but with utter disregard for the safety of others."
[2] "The court has the power, ... at any time during the trial, to withdraw or to correct its instructions to the jury, if, on reflection, it is considered that they have been erroneously or unnecessarily given; and even though the jury have retired they may be recalled for such purpose." 23A C.J.S. 810-811, Criminal Law, § 1322 [Emphasis supplied and citations omitted]. Cf. Anderson v. State, 133 Fla. 63, 182 So. 643 (1938) (instruction  correct so far as it went but defective for failure to explain a proposition in consonance with facts of case  could be cured by a subsequent charge); Gray v. State, 42 Fla. 174, 28 So. 53 (1900) (after jury's retirement and subsequent recall, defense counsel's objection to word in charge was corrected by explanation given by court).