ORFINGER, Judge.
Appellant was convicted of two counts of kidnapping,[1] two counts of sexual battery,[2] and one count of robbery.[3] He was sentenced to a term of life imprisonment upon the condition that after he had served fifteen years of said term he would be placed on probation for life. He appeals. We affirm.
*1041 Appellant first says that the trial judge erred in not permitting him to ask a defense witness about a prior inconsistent statement allegedly made by a state witness, but appellant concedes that the state’s witness was not asked if he had made the supposedly inconsistent statement.[4] There was no error in refusing to permit testimony of the alleged inconsistent statement in the absence of a proper predicate.
Appellant next contends that the life sentence given him exceeds the statutory maximum because of the fifteen-year incarceration, followed by probation for life. He characterizes it as being greater than a life sentence, although recognizing the penalty for the crimes for which he was convicted can be life imprisonment. The period of probation would be for the remainder of appellant’s life following the expiration of the prison term, so it does not, nor could it, exceed a life sentence. Cf. Alvarez v. State, 358 So.2d 10 (Fla.1978). There is no merit to this point.
At oral argument, appellant contended that the recent decision of Villery v. Florida Parole and Probation Commission, 396 So. 2d 1107 (Fla.1980), applies to this case and should be followed. Appellant did not raise as a point on this appeal the length of his prison term as it applied to his subsequent probation, but only contended that the prison term and subsequent probation exceeded the total maximum sentence authorized by law. Thus, any issue potentially raised by Villery has not been preserved for appeal.
We affirm the judgment of conviction and sentence without prejudice to the right of appellant to apply to the trial court for such collateral relief as he may deem proper.
AFFIRMED.
DAUKSCH, C. J., and COWART, J., concur.

. § 787.01(l)(a)2, Fla.Stat. (1979).

. § 794.011(3), Fla.Stat. (1979).

. §§ 812.13(1) and 812.13(2)(a), Fla.Stat. (1979).

. Section 90.614, Florida Statutes (1979), which codifies prior Florida law to the effect that before a prior inconsistent statement may be admitted in evidence, the witness allegedly making the statement must be asked if he made the statement and given the opportunity to explain, admit or deny making the statement. Hancock v. McDonald, 148 So.2d 56 (Fla. 1st DCA 1963).