531 So.2d 358 (1988)
Paul Rodney REED, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1502.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
Rehearing Denied September 26, 1988.
James B. Gibson, Public Defender and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals his conviction as charged for the crime of second degree murder. Because we agree with his contention that the jury was incorrectly instructed on the lesser crime of manslaughter, we are compelled to reverse for a new trial.
The 16 year old defendant was charged with second degree murder following the shooting death of 13 year old Vicky Lundy. Defendant and the victim were friends, and on the date of this tragic event defendant had given the victim and several of her friends a ride to a local park. While there, he began playing with a gun which he pulled from beneath the seat of his stepfather's truck which he was driving that day. A more detailed explanation of the facts will not make this opinion clearer. Predictably, the gun went off while defendant was holding it. Vicky was hit and later died. Defendant denied any intent to fire the gun and claimed that it went off accidentally.
*359 Defense counsel requested at the charge conference that the court instruct the jury on manslaughter by culpable negligence,[1] which request the court denied. The court instructed the jury:
Before you can find the Defendant guilty of manslaughter, the State must prove the following elements beyond a reasonable doubt:
First, Victoria Lundy is dead;
Second, the death was caused by the act of Paul Rodney Reed, Jr.
However, the Defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms.
The Standard Jury Instructions provide:
Before you can find the defendant guilty of manslaughter, the State must prove the following elements beyond a reasonable doubt:

Elements 1. (Victim) is dead.
Give 2(a), 2. The death was caused by the
(b) or (c) (a) act of (defendant).
depending (b) procurement of (defendant).
upon allegations (c) culpable negligence of
and (defendant).
proof.

However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
Florida Standard Jury Instructions in Criminal Cases, 2d Ed., p. 68.
Defendant argues on appeal that the instruction as given was incomplete, inadequate and prejudicially misleading because the jury was only told it could find defendant guilty of manslaughter if the victim's death was caused by an act of the defendant. Culpable negligence is an essential material element of manslaughter, defendant contends, and it was error for the trial court not to give the culpable negligence instruction. The State responds by setting out the standard jury instruction and arguing that the instructions are in the disjunctive and that it was within the trial court's discretion to determine that manslaughter by culpable negligence was not at issue.
Although the jury instructions are written in the disjunctive, a complete charge on manslaughter includes the culpable negligence instruction. In Campbell v. State, 306 So.2d 482 (Fla. 1975) defendant was charged with second degree murder and convicted of manslaughter. The defendant's theory of defense was that the death was accidental or, alternatively, committed in self defense. The trial court failed to instruct the jury on the definition of culpable negligence. The supreme court stated that culpable negligence is an essential element of manslaughter and the failure to define it was reversible error. In Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986) where the defendant was charged with and convicted of second degree murder, the court explained:
Manslaughter is defined in section 782.07, Florida Statutes (1983), as a killing by the act, procurement, or culpable negligence of another which is not justifiable or excusable homicide or murder. Courts have consistently held that an instruction defining justifiable and excusable homicide is necessary to provide a complete instruction on the crime of manslaughter. Hedges v. State, 172 So.2d 824 (Fla. 1965); Brown v. State, 467 So.2d 323 (Fla. 4th DCA 1985); Pouk v. State, 359 So.2d 929 (Fla. 2d DCA 1978). In addition, our supreme court has said that the term "culpable negligence" must be defined as part of the jury instruction on manslaughter. Campbell v. State, 306 So.2d 482 (Fla. 1975).
We hold that the court's failure to give a complete manslaughter instruction was reversible error, notwithstanding defense counsel's failure to make a timely objection. Where, as here, the court gives an *360 instruction on a lesser included offense, it is fundamental that the instruction be sufficiently complete and accurate so that it does not mislead the jury and negate defendant's theory of defense. Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985); Bagley v. State, 119 So.2d 400 (Fla. 1st DCA 1960).
Id. at 118.
The standard jury instruction on manslaughter provides that the trial court should instruct on "2(a), (b) or (c) depending upon allegations and proof." This requires that the trial judge consider the evidence presented and the issues raised. See Butler v. State, 493 So.2d 451 (Fla. 1986) (jury instructions must relate to issues concerning evidence received at trial). Florida recognizes that manslaughter may result from an intentional or unintentional act, thus manslaughter may be categorized as voluntary or involuntary. Taylor v. State, 444 So.2d 931 (Fla. 1983). Where the evidence can support a finding of manslaughter only by a finding that the death resulted from a voluntary act, a jury instruction limited to 2(a) of the standard instruction (that the death was caused by the act of the defendant) would be sufficient. Taylor provides an example of a factual situation which would support such a limited instruction. Part 2(b) of the standard jury instruction (procurement) could apply to a factual situation where the defendant was not present when the killing took place, but where there is evidence that he participated in planning or procuring the commission of the crime.
However, in contrast to the foregoing factual scenarios, the vast majority of manslaughter convictions will be grounded on involuntary acts, i.e., the deaths will have been caused by the culpable negligence of the defendant. If the jury is told only that it must find that the victim is dead and that the death was caused by the act of the defendant, there is nothing to distinguish the crime of involuntary manslaughter (manslaughter by culpable negligence) from the greater degrees of homicide and the jury is given no real opportunity to make a distinction. Therefore, unless the evidence clearly supports only a voluntary act or procurement, the instruction on and definition of culpable negligence should be given when defining manslaughter for the jury. Where the evidence supports it and the defendant requests it, the trial court commits reversible error in refusing to instruct the jury on manslaughter by culpable negligence. Campbell, supra. The trial court erred in not including culpable negligence in its instruction on manslaughter and in failing to define that term, and that error requires a new trial.
Because a new trial is necessary, we also point out that because manslaughter is a residual offense, in order to give a complete definition of that crime it is necessary to include a definition of justifiable and excusable homicide. Hedges v. State, 172 So.2d 824 (Fla. 1965). Where, as here, the jury asks to be reinstructed on the elements of the various crimes which it may consider, the reinstruction on manslaughter should be as complete as was the original instruction, i.e., it should include a contemporaneous definition of excusable and justifiable homicide. Spaziano v. State, 522 So.2d 525 (Fla. 2d DCA 1988); Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987).
REVERSED for new trial.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] Manslaughter is defined in section 782.07, Florida Statutes (1985):

782.07 Manslaughter.  The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.