469 So.2d 194 (1985)
Carolyn CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-488.
District Court of Appeal of Florida, Second District.
May 22, 1985.
Elliott C. Metcalfe, Jr., Public Defender, Peter A. Dubensky and Alan R. Dakan, Asst. Public Defenders, Sarasota, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
By jury trial, the defendant, Carolyn Carter, was found guilty of manslaughter. She raises two issues on appeal. The first issue concerns the failure of the trial court to instruct the jury on the forcible felony aspect of the standard jury instruction on self-defense. The second issue concerns the sufficiency of the evidence as to the defendant's guilt.
The state charged appellant with second degree murder of one Charles Martin. The evidence presented at trial established that appellant fatally stabbed her boyfriend, Charles Martin, with a knife during a heated argument in appellant's home. Earlier in the evening at a neighborhood tavern, appellant and the victim had engaged in an altercation over the victim's car keys. Appellant *195 had apparently confiscated the victim's car keys because of his intoxication and in order to prevent him from driving. There was evidence that during this altercation, the victim knocked appellant to the ground and took her purse. Shortly thereafter the victim left the tavern.
Approximately two hours later the victim showed up at appellant's home and began to curse and fight with appellant. Fanny Williams, a friend of appellant, was also present in appellant's home. She saw the victim standing in the hallway of appellant's home fussing and cursing appellant, who was sitting in her bedroom crying and telling the victim to leave. A scuffle ensued with the victim attacking appellant. He relentlessly pursued her from room to room in her home, beating her with his fists and a radio swung by its cord as a weapon. According to appellant's tape recorded statement to the police, which the state subsequently played into evidence, appellant ran to the kitchen and the victim came after her pinning her against the kitchen sink. She picked up things from the sink and was throwing them at him while he was hitting her about the head and body with his fists. Finally, she grabbed something, probably a knife or a fork, and stabbed him one time. The victim then backed off and ran out the front door. A sheriff's deputy found the victim lying in a pool of blood on the sidewalk fifteen feet from appellant's front door. Following the incident, appellant was taken to the emergency room of the hospital where she was treated for a deep, four-inch cut on her leg. The evidence also showed that she had bruises on her arm and back, a swollen eye, and abrasions on her face.
Appellant requested the standard jury instructions on self-defense. The trial court gave the standard instructions but refused to include the phrase "prevent the imminent commission of aggravated battery." The trial court did instruct the jury on the self-defense instruction as to "preventing imminent death or great bodily harm." Appellant objected to the instructions based on this deletion. The trial court further instructed the jury as follows:
If Carolyn Carter was attacked in her own home or on her own premises she has a duty to retreat and the lawful right to stand her ground and meet force with force even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to herself.
(Emphasis supplied.)
Prior to the jury retiring to consider their verdict, the trial court further emphasized the erroneous instruction by giving the jury the following instruction.
If Carolyn Carter was attacked in her own home or on her own premises she had the duty to retreat and the lawful right to stand her ground and meet force with force even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to herself.
(Emphasis supplied.)
In reading these instructions, it is evident that the trial court unintentionally misstated the law as applicable to self-defense. These instructions would lead a jury to believe that a person has the duty to retreat in their own home before she could meet force with force even to the extent of using force likely to cause death or great bodily harm if it was necessary to prevent death or great bodily harm to herself. These instructions have the effect of negating appellant's only defense to the homicide.
In Florida an individual attacked in his or her home has no duty to retreat unless the attacker has a right at least equal to that of the individual to be on the premises. State v. Bobbitt, 415 So.2d 724 (Fla. 1982); Cannon v. State, 464 So.2d 149 (Fla. 5th DCA 1985). We find that the instructions as given by the court are erroneous as a matter of law and inherently misleading.
We further recognize the fact that counsel made no objection to these instructions as given by the court. However, *196 where, as here, a trial judge gives an instruction that is an incorrect statement of the law and necessarily misleading to the jury, and the effect of that instruction is to negate the defendant's only defense, it is fundamental error and highly prejudicial to the defendant. Failure to give a complete and accurate instruction is fundamental error, reviewable in the complete absence of a request or objection. Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981); Bagley v. State, 119 So.2d 400 (Fla. 1st DCA 1960); Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945). Considering the facts of this case, we hold that these instructions constitute fundamental error.
In this instance, it is even more prejudicial to the defendant. The trial court emphasized the erroneous instruction by rereading it to the jurors just prior to their retiring to the jury room to consider their verdict. "Particularly in a criminal trial, the judge's last word is apt to be the decisive word." Bollenbach v. United States, 326 U.S. 607, 612, 66 S.Ct. 402, 405, 90 L.Ed. 350, 354 (1946).
We therefore reverse on the erroneous "duty to retreat" instruction. We find no error in the trial court's refusal to include in the self-defense instruction the requested phrase "prevent the imminent commission of aggravated battery" when he had instructed on "preventing death or great bodily harm." We also find no merit in appellant's second point on appeal.
Accordingly, we reverse and remand for a new trial.
CAMPBELL, A.C.J., and FRANK, J., concur.