483 So.2d 117 (1986)
Telesford ALEJO, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2685.
District Court of Appeal of Florida, Second District.
February 14, 1986.
*118 James Marion Moorman, Public Defender, Bartow, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant Telesford Alejo appeals his judgment and sentence for second degree murder. We find merit to two of the four points he raises in urging reversal.
Defendant pled not guilty to the charge of second degree murder. At trial, the testimony disclosed that on the afternoon of April 13, 1984, defendant had been drinking with friends. Sometime that evening, he intervened in a fight between Victor Martinez and another man because Martinez was "beating up on" the other man. In the ensuing scuffle, defendant remembered injuring Martinez with his knife. There was conflicting evidence as to whether Martinez threatened defendant with a board before defendant pulled out his knife. Martinez died as a result of multiple stab wounds he received that night.
Following presentation of the evidence and final arguments, the trial judge instructed the jury on the offenses of murder, manslaughter, and aggravated battery. Although defense counsel did not object at trial, defendant now contends that the court committed fundamental error in failing to include the definitions of justifiable and excusable homicide and culpable negligence as part of the instruction on manslaughter. We agree.
Manslaughter is defined in section 782.07, Florida Statutes (1983), as a killing by the act, procurement, or culpable negligence of another which is not justifiable or excusable homicide or murder. Courts have consistently held that an instruction defining justifiable and excusable homicide is necessary to provide a complete instruction on the crime of manslaughter. Hedges v. State, 172 So.2d 824 (Fla. 1965); Brown v. State, 467 So.2d 323 (Fla. 4th DCA 1985); Niblack v. State, 451 So.2d 539 (Fla. 2d DCA 1984); Pouk v. State, 359 So.2d 929 (Fla. 2d DCA 1978). In addition, our supreme court has said that the term "culpable negligence" must be defined as part of the jury instruction on manslaughter. Campbell v. State, 306 So.2d 482 (Fla. 1975).
We hold that the court's failure to give a complete manslaughter instruction was reversible error, notwithstanding defense counsel's failure to make a timely objection. Where, as here, the court gives an instruction on a lesser included offense, it is fundamental that the instruction be sufficiently complete and accurate so that it does not mislead the jury and negate defendant's theory of defense. Carter v. State, 469 So.2d 194, 196 (Fla. 2d DCA 1985); Bagley v. State, 119 So.2d 400 (Fla. 1st DCA 1960). Accordingly, we reverse and remand for a new trial.
Defendant also contends that in denying his motion to suppress, the trial court erred in failing to make a specific finding that defendant's confession was *119 voluntary. It is preferable for the trial judge to specify his conclusions regarding the voluntariness of a statement where there is conflicting evidence of voluntariness. See, e.g., Rice v. State, 451 So.2d 548 (Fla. 2d DCA 1984). Nevertheless, since substantial evidence was presented to show that the confession was voluntary and the judge ruled that testimony concerning the confession was admissible, it is sufficiently clear from the record that the judge found the confession was made voluntarily. Hoffman v. State, 474 So.2d 1178, 1181 (Fla. 1985); Antone v. State, 382 So.2d 1205, 1213 (Fla.), cert. denied, 449 U.S. 913, 101 S.Ct. 287, 66 L.Ed.2d 141 (1980).
Although it is not essential to disposition of this appeal, we point out that the trial court erred in enhancing defendant's sentence for use of a weapon. As the defendant correctly states, in order for his second degree murder sentence to be enhanced to a life felony for use of a weapon under section 775.087(1), Florida Statutes (1983), the jury must have either found him guilty of a crime involving use of a weapon or indicated such use on a special verdict form. State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). Here, the jury's verdict neither referred to the use of a weapon nor mentioned the information which charged defendant with use of a knife in the commission of the offense.
We find no merit to defendant's remaining point on appeal.
Reversed and remanded.
DANAHY and SCHOONOVER, JJ., concur.