522 So.2d 525 (1988)
Michael A. SPAZIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1230.
District Court of Appeal of Florida, Second District.
March 25, 1988.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellee.
DANAHY, Chief Judge.
The appellant, Michael Spaziano, is before this court for a second time after a jury found him guilty of first degree murder. His first appeal, raising the issues of nonexistent portions of the record precluding effective appellate representation and insufficient evidence to find premeditation, was affirmed. Spaziano v. State, 464 So.2d 564 (Fla. 2d DCA 1984). Thereafter, the appellant filed a motion seeking postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffectiveness of both trial and appellate counsel.[1] Specifically, Spaziano contends that his privately-retained trial counsel, Michael Sweeting, unreasonably (1) failed to object to incomplete and misleading jury instructions on excusable homicide and manslaughter; (2) failed to object to the omission of a jury instruction on justifiable homicide; (3) failed to rebut evidence of premeditation; and (4) failed to develop the *526 defenses of excusable and justifiable homicide. An evidentiary hearing was held and the trial court denied the motion. We agree with the appellant in his first contention relating to the jury instruction. Because this is dispositive, it is unnecessary to address his remaining arguments.
While, as in most criminal cases, the evidence was conflicting, we briefly summarize the following evidence to show the context of the erroneous jury instructions. The charges against Spaziano stemmed from his shooting of the victim, Mark Cohn, which occurred after a series of physical threats and incidents of harassment directed toward Spaziano and his family by Cohn because Cohn blamed Spaziano for a rift between Cohn and Cohn's father. Cohn, who usually carried a gun either on his person or in his car, was known to have been under the influence of both mood-altering and illegal drugs on the day of the shooting. Spaziano testified that his state of mind was extremely fearful because of the recent history of threats and harassment, and especially because of the threatening behavior of Cohn towards him that day of the shooting when Cohn finally faced Spaziano on a public street. He also claimed that the shooting was accidental and unintentional; he testified that he did not know the gun was loaded and that it went off when Cohn lunged toward him as they confronted each other on the street.
Based upon the evidence at trial and the defense's theory of excusable homicide, it was incumbent upon the trial court to give a full and accurate jury instruction on excusable homicide. Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983). Furthermore, when a manslaughter instruction is given, it is necessary that the complete definition of justifiable and excusable homicide be included as part of the manslaughter instruction. Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986). Neither instruction was given correctly by the trial court. Instead, the court gave the following instructions to the jury:
(Excusable homicide)
The killing of a human being is excusable, and therefore lawful, when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
... .
(Manslaughter)
Before you can find the defendant guilty of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. Mark Cohn is dead.
2. The death was caused by the act, procurement or culpable negligence of MICHAEL SPAZIANO.
I will now define "culpable negligence" for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care for others. For negligence to be called culpable negligence, it must be gross and flagrant. The negligence must be committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
Trial counsel failed to object to these instructions at the charge conference and also at trial when they were read to the jury. This court has found that this same abbreviated jury instruction language defining excusable homicide constituted reversible error in Blitch where there was a similar contention and supporting evidence that the shooting was accidental and the state of mind of the defendant was in issue. The additional error of not giving a complete instruction on manslaughter has been recently held by this court to be fundamental error in the case of Alejo. In Alejo we *527 noted that "[c]ourts have consistently held that an instruction defining justifiable and excusable homicide is necessary to provide a complete instruction on the crime of manslaughter." 483 So.2d at 118. Trial counsel's failure thus was an unreasonable omission which severely prejudiced his client's case inasmuch as the error complained of negated the only defense put forth by trial counsel. See Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985). We are satisfied that both prongs of the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), test were fulfilled in this case. Notwithstanding the fact that Spaziano's appellate counsel could have and should have brought this to our attention on direct appeal, for which error he can be labeled ineffective too, these errors should have been corrected at the rule 3.850 hearing. Blitch and Alejo were argued to the court at the evidentiary hearing and the court committed reversible error by not following them and granting the requested relief.
We reverse the denial of the appellant's motion for postconviction relief and remand the case to the trial court with instructions to grant his rule 3.850 motion for a new trial.
Reversed and remanded.
LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.
NOTES
[1] We recognize that the proper procedure for alleging ineffective appellate counsel is petition for a writ of habeas corpus but, since the ineffective trial counsel issue is inextricably wound up with the ineffective appellate counsel issue, we choose to disregard this procedural irregularity. State v. Stacey, 482 So.2d 1350 (Fla. 1985).