533 So.2d 1198 (1988)
Daniel Maxwell TOBEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1594.
District Court of Appeal of Florida, Second District.
November 18, 1988.
Daniel Maxwell Tobey, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
EN BANC
FRANK, Judge.
Daniel Maxwell Tobey appeals from the trial court's order summarily denying his motion for relief from his convictions and sentences for first degree and attempted first degree murder. None of the several claims Tobey raises in his motion has merit. Three grounds, however, require discussion. Tobey contends that the trial court committed fundamental error in giving an abbreviated jury instruction on excusable and justifiable homicide and in failing to give an instruction on excusable and justifiable homicide in conjunction with the manslaughter instruction. Tobey further asserts that his trial and appellate counsel were ineffective for failing to object to and appeal, respectively, this claimed fundamental error. Although we find no merit in these contentions, as is demonstrated below, we determined to treat this matter en banc to correct that aspect of Spazianc v. State, 522 So.2d 525 (Fla. 2d DCA 1988), which is in conflict with Banda v. State, No. 69,102 (Fla. July 19, 1988) [13 F.L.W. *1199 451], and Squires v. State, 450 So.2d 208 (Fla. 1984).
Our corrective action highlights the distinction between the fundamental error of failing to instruct the jury on defenses for which evidence is offered during the trial, Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985), and the nonfundamental error in failing to give jury instructions on an offense which is two steps removed from the offense resulting in conviction. State v. Abreau, 363 So.2d 1063 (Fla. 1978).
In Spaziano, the defendant was found guilty of first degree murder. At trial, Spaziano's defense was that the killing was an accident. In his motion for postconviction relief, he alleged that trial and appellate counsel were ineffective for failing to object to and appeal the trial court's incomplete and misleading jury instructions on excusable homicide and manslaughter. Relying on our prior decisions in Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986); Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985); and Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983), we found that Spaziano's trial counsel's failure to object to the incomplete jury instruction on manslaughter and inaccurate instruction on justifiable homicide prejudiced his case because the omission excluded the only defense for which evidence was offered. Accordingly, we reversed and remanded with directions to grant Spaziano's motion for a new trial.
The supreme court in Squires made plain that when a "defendant is convicted of first degree murder an error or omission in an instruction on the lesser included offense of manslaughter is not fundamental error." Id. at 211. More recently in Banda, the supreme court applied the foregoing principle noting, "[e]ven if an objection had been made, appellant would not prevail because he was convicted of an offense greater than the least of the offenses correctly instructed. State v. Abreau, 363 So.2d 1063 (Fla. 1978)." Slip op. at 3 [13 F.L.W. at 451]. Thus, we recede from the portion of Spaziano that can be read to mean that it is fundamental error to give an incomplete instruction on manslaughter by failing jointly to give an accurate instruction on justifiable and excusable homicide where the defendant is convicted of first degree murder. Spaziano was convicted of first degree murder; therefore, the failure to give a complete instruction on manslaughter was not fundamental error. Banda; Squires' Abreau. Further, under Banda, counsel's failure to object to the erroneous instruction on manslaughter could not have been prejudicial to Spaziano's case since the jury returned a verdict of guilty on the first degree murder charge.
We adhere to that part of Spaziano, however, which holds that Spaziano's trial counsel was ineffective for failing to object to an erroneous instruction on the defense of justifiable and excusable homicide where evidence was presented to support that defense.
In Banda, Squires, and Abreau, the court concluded that it was not fundamental error in failing to give an accurate instruction on a lesser included offense where the defendant was convicted of an offense two steps greater than the offense on which the jury either was not or was erroneously instructed. The foregoing decisions are confined to lesser included instructions and do not touch upon the failure to instruct on the defense of excusable and justifiable homicide. In Abreau the supreme court graphically illustrated its reasoning:
[I]f a defendant is charged with offense "A" of which "B" is the next immediate lesser-included offense (one step removed) and "C" is the next below "B" (two steps removed), then when the jury is instructed on "B" yet still convicts the accused of "A" it is logical to assume that the panel would not have found him guilty only of "C" (that is, would have passed over "B"), so that the failure to instruct on "C" is harmless. If, however, the jury only receives instructions on "A" and "C" and returns a conviction on "A", the error cannot be harmless because it is impossible to determine whether the jury, given the opportunity, would have "pardoned" the defendant to the extent of convicting him on "B" (although *1200 it may have been unwilling to make the two-step leap downward to "C").
363 So.2d at 1064.
The circumstance in Spaziano, unlike that found in Banda, Squires and Abreau, was that an instruction on excusable and justifiable homicide was not only necessary as a part of the manslaughter instruction, see Hedges v. State, 172 So.2d 824 (Fla. 1965), it was essential to permit the jury to pass upon Spaziano's only defense. A defendant is entitled to a jury instruction on any defense for which evidence is presented. Wenzel v. State, 459 So.2d 1086 (Fla. 2d DCA 1984). The failure to give an instruction on a defense encompassed within the evidence is fundamental error and reviewable notwithstanding the absence of a requested instruction or an objection. Carter, 469 So.2d at 196. The failure in Spaziano to request and give an accurate instruction on the defense of excusable and justifiable homicide was prejudicial because the jury may have been misled when considering Spaziano's only defense for which he presented evidence. Where an error occurs in an instruction on a defense, as happened in Spaziano, the jury is deprived of a fair opportunity to acquit the defendant on the basis of the evidence tendered in support of that defense. The jury's power to acquit is different from the jury's "pardon power" which permits it to find the defendant guilty of a lesser included offense. See Abreau.
With Spaziano clarified, we turn to Tobey's arguments. Tobey contends that the jury in his case was given the same manslaughter instructions found deficient in Spaziano. Our review of the record reveals that at the outset of the trial court's instructions, Tobey's jury was given an abbreviated instruction on excusable and justifiable homicide. There was no instruction on excusable and justifiable homicide given in conjunction with the instruction on manslaughter. Consistent with Banda, Squires, and Abreau, such error was not fundamental because Tobey was convicted of first degree murder.
Tobey also contends that his only defense was "negated" by the erroneous instructions. The record proves otherwise. After the trial court had instructed the jury on all of the elements of first degree murder and lesser included offenses, it then instructed the jury on Tobey's defenses, including a correct and thorough standard jury instruction on excusable and justifiable homicide. Thus, the absence of an objection to the trial court's failure to give an accurate excusable and justifiable homicide instruction as part of the manslaughter instruction did not prejudice Tobey's defense because a complete excusable and justifiable homicide instruction was later given with the instruction on Tobey's defense. Accordingly, the trial court was correct in summarily denying Tobey's motion.
AFFIRMED.
CAMPBELL, C.J., and SCHEB, RYDER, DANAHY, SCHOONOVER, LEHAN, HALL, THREADGILL and PARKER, JJ., concur.