580 So.2d 243 (1991)
Sammie Lee HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1766.
District Court of Appeal of Florida, First District.
May 9, 1991.
Rehearing Denied June 12, 1991.
*245 Sammie Lee Harris, pro se.
Robert A. Butterworth, Atty. Gen., Carolyn Mosely, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
In this petition for a writ of habeas corpus, petitioner argues that he was denied the effective assistance of appellate counsel. Petitioner was charged and convicted of burglary, robbery, conspiracy, and second degree murder. These convictions were affirmed without opinion. Harris v. State, 422 So.2d 844 (Fla. 1st DCA 1982).
Petitioner claims his appellate counsel was ineffective because he failed to argue on appeal that trial counsel was ineffective for failure to object to incomplete and misleading jury instructions concerning the crime of manslaughter by reason of the court's omission of the charge on justifiable and excusable homicide. Petitioner also alleges ineffective assistance of appellate counsel for failure to raise on appeal, as fundamental error, the trial court's omission of the charge defining justifiable and excusable homicide in connection with the manslaughter instruction.
As to the failure to raise the issue of ineffective assistance of trial counsel, we find the record before us on the former appeal did not contain a transcript of the charge conference between the court and counsel, nor is such transcript before us in the present case. Indeed, there is no indication that the charge conference was reported, or if it was, that a transcript was ever prepared. Although the record does disclose that there was no objection by defense counsel at the conclusion of the court's instruction to the jury, we are not prepared to assume that no objection was previously made and ruled upon, or, on the other hand, that the specific deficiencies complained of were not waived by defense counsel. Accordingly, we conclude that petitioner has not demonstrated ineffectiveness of appellate counsel for failure to urge ineffectiveness of trial counsel, since the alleged deficiency  trial counsel's failure to object to erroneous jury instructions, or failure to request correct instructions  is not apparent on the face of the record. Ineffective assistance of trial counsel is not ordinarily to be raised for the first time on direct appeal except where the facts establishing the ineffectiveness claim are apparent on the face of the record. Blanco v. Wainwright, 507 So.2d 1377 (Fla. 1987); Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983); Michutka v. State, 506 So.2d 1 (Fla. 1st DCA 1986); Fasano v. State, 548 So.2d 1191 (Fla. 4th DCA 1989); Gordon v. State, 469 So.2d 795 (Fla. 4th DCA), rev. denied, 480 So.2d 1296 (Fla. 1985). Furthermore, as the court pointed out in Stewart v. State, supra, appellate counsel cannot be faulted for eschewing appellate review of ineffectiveness of trial counsel when a more effective remedy is provided by collateral proceedings under rule 3.850, Florida Rules of Criminal Procedure.
In order for petitioner to prevail on his claim of ineffective assistance of appellate counsel, he must show:
1. That there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside the range of professionally acceptable performance; and
2. That the failure or deficiency caused prejudicial impact on the appellant by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome under the governing standards of decision.
Johnson v. Wainwright, 463 So.2d 207, 209 (Fla. 1985), citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and Smith v. State, 457 So.2d 1380 (Fla. 1984).
We first address the specific error or omission alleged. It is correct, as petitioner *246 urges, that the trial court failed to give the jury an instruction defining justifiable and excusable homicide in connection with the manslaughter instruction. In fact, our review of the transcript reveals that neither justifiable nor excusable homicide were ever mentioned throughout the instructions, although Florida Standard Jury Instructions clearly provide for these to be defined in giving the introductory instructions in all murder and manslaughter cases. It is now abundantly clear that where the defendant is convicted of second-degree murder (as was petitioner) the trial court's failure to give the required instructions on justifiable and excusable homicide, in connection with the instruction on manslaughter, is fundamental error requiring reversal. Rojas v. State, 552 So.2d 914 (Fla. 1989); Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987), approved in Rojas v. State, supra; but see, State v. Smith, 573 So.2d 306 (Fla. 1990) (giving of short-form instructions on justifiable and excusable homicide, followed by reference to these definitions in connection with instruction on manslaughter, not fundamental error); and Wilcoxson v. State, 577 So.2d 1388 (Fla. 1st DCA 1991) (same).
However, since petitioner's conviction of second-degree murder was affirmed on appeal in late 1982 (November 4, 1982, 422 So.2d 844), we must turn back the appellate clock to that time in order to assess the extent to which the law was then capable of ascertainment with certainty and to evaluate the magnitude of appellate counsel's dereliction, if any, in failing to raise the issue. Here, it is well to bear in mind that the failure of counsel, in 1982, "to advance certain points on appeal which subsequently gained judicial recognition does not render counsel ineffective." Songer v. Wainwright, 571 F. Supp. 1384, 1403 (M.D. Fla. 1983), aff'd, 733 F.2d 788 (11th Cir.1984). In addition, courts are required to "eliminate the distorting effects of hindsight by evaluating the performance from counsel's perspective at the time," and to "indulge a strong presumption that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment with the burden on claimant to show otherwise." Blanco v. Wainwright, 507 So.2d at 1381.
We first note that petitioner relies primarily upon a 1986 case from the Second District Court of Appeal, Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986), for the proposition that Florida courts, since the decision in Hedges v. State, 172 So.2d 824 (Fla. 1965), have consistently held that an instruction defining justifiable and excusable homicide is necessary to provide a complete instruction on the crime of manslaughter. Significantly, in none of the cases cited by the Alejo court did the courts review the issue in the absence of a request for, or objection to the court's refusal to give, the instructions. See, Hedges v. State, supra (denial of request for charge on justifiable and excusable homicide on reinstructing the jury); Brown v. State, 467 So.2d 323 (Fla. 4th DCA), rev. denied, 467 So.2d 1000 (Fla. 1985) (court refused to instruct the jury on justifiable and excusable homicide in connection with instruction on manslaughter); Niblack v. State, 451 So.2d 539 (Fla. 2d DCA 1984) (trial court, on reinstructing jury on difference between second-degree murder and manslaughter, failed, over timely objection by defense counsel, to reinstruct the jury on justifiable homicide); Pouk v. State, 359 So.2d 929 (Fla. 2d DCA 1978) (trial court failed to give appellant's requested instruction on justifiable homicide). Also of significance is that in connection with the Alejo court's specific holding, "that the court's failure to give a complete manslaughter instruction was reversible error, notwithstanding defense counsel's failure to make a timely objection ...," the court explained further:
Where, as here, the court gives an instruction on a lesser included offense, it is fundamental that the instruction be sufficiently complete and accurate so that it does not mislead the jury and negate defendant's theory of defense.

483 So.2d at 118 (emphasis added). Earlier decisions by the same court, we note, did point out the necessity of giving instructions on both justifiable and excusable homicide, even where there is no evidence *247 to support a finding of either justifiable or excusable homicide, because manslaughter cannot be adequately defined without such instruction. Niblack v. State, supra, citing Pouk v. State, supra, and Delaford v. State, 449 So.2d 983 (Fla. 2d DCA 1984) (failure to give the instructions where requested). Thus, it is abundantly clear from these cases, prior to Alejo, that reversible error occurs where the court fails to give the required instructions in the face of a request or objection. However, these cases do not speak of fundamental error, that is, error so serious as to justify appellate review and reversal even though not preserved below. The Alejo court, as above noted, did reach the question of fundamental error, but in so doing used language suggesting that the doctrine would apply, in the case of erroneous jury instructions, to those errors that might "mislead the jury and negate defendant's theory of defense." 483 So.2d at 118.
The case of Spaziano v. State, 522 So.2d 525 (Fla. 2d DCA 1988),[1] also relied upon by petitioner, further illustrates the importance, in support of the court's finding of fundamental error, of the fact that there was evidence in the case supporting a defense of justifiable or excusable homicide. Spaziano is particularly pertinent here, since the court in that case was also confronted with issues of ineffective assistance of trial and appellate counsel based upon trial counsel's failure to object to an erroneous instruction on excusable homicide and manslaughter, and appellate counsel's failure to urge that omission on appeal as fundamental error. The Spaziano court, in finding fundamental error, reviewed the evidence which revealed, among other things, that the defendant was in an extremely fearful state of mind because of threats by the victim and that the shooting was accidental and unintentional. The court stated:
Based upon the evidence at trial and the defense's theory of excusable homicide, it was incumbent upon the trial court to give a full and accurate jury instruction on excusable homicide.
522 So.2d at 526. Further, after noting trial counsel's failure to object, both at the charge conference and when the instructions were read, the court stated:
This court has found that this same abbreviated jury instruction language defining excusable homicide constituted reversible error in Blitch [Blitch v. State, 427 So.2d 785 (Fla. 2d DCA 1983)] where there was a similar contention and supporting evidence that the shooting was accidental and the state of mind of the defendant was in issue.

Id. (emphasis added). The court alluded also to the additional error of failing to instruct on justifiable and excusable homicide in connection with the manslaughter instruction, which was held fundamental error in Alejo v. State, supra. "Trial counsel's failure," said the court, "thus was an unreasonable omission which severely prejudiced his client's case inasmuch as the error complained of negated the only defense put forth by trial counsel." Spaziano, 522 So.2d at 527. This failure, the court concluded, satisfied both prongs of Strickland v. Washington, supra; and appellate counsel was also labelled ineffective for his failure to bring the issue to the court's attention on appeal.
Turning to decisions of this court, which may be more appropriate to the resolution of this case, we find case law following much the same pattern as those from the second district. Thus, in Ortagus v. State, supra, decided in 1987, this court found fundamental error in the trial court's failure *248 to instruct on justifiable and excusable homicide contemporaneously with the charge on manslaughter.[2] As in Alejo, the evidence was such that the law on justifiable and excusable homicide was critical to the defense. Again, as in Alejo, this court relied upon case law (with one exception) in which there was an erroneous or omitted instruction despite objection or request by counsel: Hedges v. State, supra (failure to give on reinstruction, over objection); Alejo v. State, supra (failure to give, and no objection); Smiddy v. State, 468 So.2d 466 (Fla. 4th DCA 1985) (failure to give instruction; whether objection or request made not stated); Brown v. State, supra (court refused instruction); Delaford v. State, supra (failure to instruct after request); Pridgeon v. State, 425 So.2d 8 (Fla. 1st DCA), rev. denied, 421 So.2d 68 (Fla. 1982) (failure to give a reinstruction after request); Kelsey v. State, 410 So.2d 988 (Fla. 1st DCA 1982) (failure to give a reinstruction after request); Gross v. State, 397 So.2d 313 (Fla. 4th DCA), rev. denied, 399 So.2d 1146 (Fla. 1981) (failure to give a reinstruction after request); Lawson v. State, 383 So.2d 1114 (Fla. 3d DCA), rev. denied, 392 So.2d 1379 (Fla. 1980) (failure to give a reinstruction over objection). As disclosed by examination of these cases, only one case, Alejo,[3] found fundamental error for failure to properly instruct, and that decision was rendered some four years after this court's review of petitioner's initial appeal.
Upon consideration of the case law existing in 1982 when petitioner's appeal was decided,[4] we are of the view that, had petitioner's counsel sought reversal for the trial court's failure to define justifiable and excusable homicide, there is a reasonable probability, but by no means a certainty, that this court would have found fundamental error, or, if this court refused to do so, the decision of this court would have been quashed by the Florida Supreme Court. We do not find this conclusion dispositive, however, for the reason that we are not here attempting to re-decide petitioner's 1982 appeal, but to decide whether, considering all the circumstances, appellate counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, supra; Blanco v. Wainwright, supra; Johnson v. Wainwright, supra. In Johnson, the petitioner argued that he was entitled to relief because the point omitted by his counsel on appeal, had it been argued, would have been found meritorious by the court. In responding to this argument, the court stated that "the merits of that legal point is not before us." 463 So.2d at 210. The court pointed out that the habeas corpus proceeding would not be allowed to become a direct vehicle for belated appellate review; that the merits of the legal point petitioner says should have been raised on appeal "is a mere abstraction here," and "the only concrete issues before us being those pertaining directly to the claim of ineffectiveness of counsel." Id. Further, after discussion of the particular error raised by petitioner (petitioner's temporary absence from the courtroom during testimony *249 of a witness at the sentencing hearing), the court said:
As was stated above, we will not reach the question of whether petitioner's temporary absence from the courtroom was fundamental error or even simple legal error. We consider only whether appellate counsel's omission to raise it on appeal was a serious deviation from professional norms and, if so, whether the defect undermines the confidence in the outcome of the appellate process. Strickland v. Washington.

Id. at 211.
We hold that appellate counsel did not fall below an objective standard of reasonableness because, among other things, competent counsel could well have taken the view that in order to succeed on a fundamental error argument, it would have been necessary to make at least some showing that petitioner's theory of defense made it essential, in order for petitioner to have a fair trial, for the jury to have an understanding of the law pertaining to justifiable and excusable homicide.[5]Cf., Spaziano v. State, supra. Our review of the record conclusively establishes that the law on justifiable and excusable homicide was irrelevant to petitioner's defense. First, it is uncontroverted that the murder of the elderly victim, Mr. Orr, took place during a robbery, or attempted robbery; and second, petitioner's defense was that he took no part in the planning or commission of the crimes against Mr. Orr, but that he was elsewhere at the time of their commission. In essence, we find petitioner's defense was in no way affected by the court's failure to explain justifiable or excusable homicide. In fact, petitioner's trial counsel, in closing argument, stated to the jury:
I told you to begin with that there was no question that the State was going to be able to prove that Mr. Orr was murdered in this case... .
* * * * * *
And ... the issue here is solely whether or not the State has proved beyond and to the exclusion of every reasonable doubt that Sammy [sic] Harris had anything to do with it.
* * * * * *
I am not making light of this crime. This is a very serious crime. This is a brutal, heinous crime and I regret that but the State has failed to prove that Sammy Harris had anything to do with it.[6]
*250 Next, although we have focused thus far on what appellate counsel failed to present on appeal, we find it appropriate to examine what counsel did present.[7] First, the initial brief prepared by petitioner's counsel contained sixteen pages devoted to a statement of the case and the facts, and eighteen pages of argument, with appropriate citations, on issues as follows:
ISSUE I
Whether appellant was denied due process of law and a fair trial within the meaning of the Fifth and Sixth Amendments, United States Constitution and Section 16, Florida Constitution when the trial court repeatedly allowed into evidence at trial, over appellant's timely objections, statements which were "clearly hearsay" within the meaning of section 90.801, Florida Statutes (1979), as construed by this court in Cox v. State, infra.

ISSUE II
Whether appellant was denied due process of law and a fair trial within the meaning of the Fifth and Sixth Amendments, United States Constitution and Section 16, Florida Constitution, when the trial court admitted hearsay testimony of co-conspirator Phillip Parker when there was no independent proof that Parker and appellant participated in a conspiracy.
ISSUE III
Whether the trial court erred in failing to quash and/or strike the second amended information.
The issues raised by appellate counsel, in our opinion, are appropriately aimed primarily at critical evidentiary rulings made by the trial court during trial, and as such, appear to be issues the favorable resolution of which would be most beneficial to petitioner in the event of a new trial. These issues and the arguments made by counsel reflect a conscientious and studied effort commensurate with that of reasonably competent counsel regularly appearing before this court. We are satisfied that appellate counsel took into account the defense posture of this case as presented in the trial court, and tailored the appellate approach so as to maximize the strengths of petitioner's defense, and to exploit the weakness of the state's case. In sum, counsel's efforts do not reflect ineffective assistance.
We have not overlooked petitioner's additional argument that the erroneous jury instruction deprived the jury of the opportunity to exercise its "pardon power," under State v. Abreau, supra, notwithstanding his defense was a total lack of involvement in the homicide. We agree that case law post-1982 supports petitioner's fundamental error argument on this point. See, Banda, Squires, and Tobey, supra. However, we note that although Abreau (1978) may be considered in a "fundamental error" context, e.g., Tobey, supra, Abreau may be more accurately categorized as standing for a rule of "per se reversible error," since the omitted jury instructions in Abreau had been specifically requested by Abreau's counsel and denied by the trial court. See, Abreau v. State, 347 So.2d 819 (Fla. 3d DCA 1977), reversed, 363 So.2d 1063 (Fla. 1978). Further, since the trial court in the case at hand did instruct the jury on manslaughter, using the standard form of instruction found in Florida Standard Jury Instructions In Criminal Cases prior to the 1985 amendments adding the references to justifiable and excusable homicide (see, Rojas v. State, 552 So.2d at 916), it is difficult for us to comprehend how the jury could be said to have been deprived of the opportunity to exercise its "pardon power" by omission of any mention of justifiable or excusable homicide when there was not the first scintilla of evidence to which these defenses could relate. Moreover, in view of the confused state on the law, see, e.g., Banda v. State, only recently clarified by amended instructions (State v. Smith, supra, at 311, 312) and case law from the Florida Supreme Court, we do not believe petitioner's appellate *251 counsel was ineffective for failure to raise the Abreau error.
Even if petitioner may be considered to have met the first prong of the ineffective appellate counsel test, he has failed to meet the second, because we find no basis for "a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland v. Washington, 104 S.Ct. at 2068.[8] We note that petitioner's codefendant, Alphonso Lewis, at whose trial for the same offense instructions on justifiable and excusable homicide were given, was nevertheless convicted of second-degree murder. Lewis v. State, 496 So.2d 211 (Fla. 1st DCA 1986). We can conceive of no theory upon which the result in petitioner's trial, or in a new trial with the same evidence, could reasonably be expected to be any different.
The petition for habeas corpus is DENIED.
SHIVERS, C.J., and NIMMONS, J., concur.
NOTES
[1] In Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988), rev. denied, 542 So.2d 990 (Fla. 1989), the court sitting en banc receded from that portion of Spaziano that can be read to mean that it is fundamental error to give an incomplete instruction on manslaughter by failing jointly to give an accurate instruction on justifiable and excusable homicide where the defendant is convicted of first-degree murder. The court thus resolved conflict with Banda v. State, 536 So.2d 221 (Fla. 1988), cert. denied, 489 U.S. 1087, 109 S.Ct. 1548, 103 L.Ed.2d 852 (1989), pointing out, however, that unlike Banda, Squires v. State, 450 So.2d 208 (Fla.), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984), and State v. Abreau, 363 So.2d 1063 (Fla. 1978), the omitted instruction was not only necessary as a part of the manslaughter instruction, see Hedges v. State, supra, but was essential to permit the jury to pass on Spaziano's only defense.
[2] The defendant in Ortagus was convicted of manslaughter with a firearm; the defendant in Alejo was convicted of second-degree murder.
[3] In a second case, Smiddy, supra, decided in 1985, the court reversed, but did not state whether the issue was preserved by objection. However, since the court did not mention fundamental error, it may be assumed there was objection.
[4] We have by no means cited or reviewed all the many cases dealing with the issue involved here, and it is conceded that many of the cases we have considered in our review could be cited as authority for arguments on both sides. See, e.g., Hancock v. State, 276 So.2d 223 (Fla. 1st DCA), cert. denied, 279 So.2d 876 (Fla. 1973) (although court noted necessity of a complete definition of manslaughter under Hedges, in the case where defendant was charged with attempted murder, failure to give instruction on justifiable and excusable homicide was not error, because the defendant's own evidence showed that his actions were neither justified nor excusable); and, compare Robinson v. State, 338 So.2d 1309 (Fla. 4th DCA 1976) (where defendant was charged with second degree murder, and convicted of manslaughter, court's failure to give requested instruction on excusable homicide, though instruction on justifiable homicide was given, was fundamental error, despite fact that defendant's defense was one of self-defense, that is, justifiable homicide; court's disagreement with Hancock noted).
[5] Judge Schwartz, writing for the Third District in Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983) expressed a substantially similar view in his analysis of the preservation-fundamental error issue in general, and as it relates to unchallenged jury instructions. Noting first the seminal case, Castor v. State, 365 So.2d 701 (Fla. 1978) (for an error to be so fundamental that it may be urged on appeal though not properly preserved below, the asserted error must amount to a denial of due process), and alluding to the "affirmative duty of the trial court to instruct the jury on the elements of the crime charged," Judge Schwartz nevertheless concluded: "[T]he fact is that every such omission or misstatement[6] [in jury instructions] which has actually been found to constitute fundamental error concerned a critical and disputed jury issue in the case." 400 So.2d at 544. In footnote 6, Judge Schwartz distinguished as inapplicable to the present discussion, cases finding fundamental error when the instructions "completely fail to define or explain either the crime charged, ... (citations omitted), or the underlying felony in a felony murder case. (citations omitted)." Id. See, however, Knight v. State, 394 So.2d 997 (Fla. 1981) (where there is sufficient evidence of premeditation, the failure to give the underlying felony instruction, where it has not been requested, is not error which mandates a reversal absent a showing of prejudice).
[6] Although we are not here called upon to evaluate trial counsel's performance at trial, we find it worthy of mention that at the conclusion of counsel's closing arguments and the trial court's jury instructions, the trial judge addressed the jury as follows:

Let me just say one final word in conclusion and referring back to one of my instructions in regard to the fact that the attorneys are not on trial, ladies and gentlemen, I have been a judge for 14 years and I have tried a lot of cases. I would like to commend counsel for the State and for the defense for what was obviously a well-prepared and well-presented case for this jury's consideration and I commend you for your excellence in that regard and I wanted that to be said without having the results of the jury hanging over and influencing what that was [sic]. You have had an unusually fine opportunity to see very experienced and capable counsel trying this case.
[7] The briefs in petitioner's appeal in Case No. AK-173 are among the case files and records of this court.
[8] The "proceeding" as the term is used in Strickland v. Washington, supra, is a proceeding which makes an ultimate disposition, such as those that determine guilt, or which determine in an adversarial hearing what sentence is to be imposed. See, State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA), rev. denied, 480 So.2d 1296 (Fla. 1985).