NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALVIN ARTEAGA, DOC# H29353,          )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D15-2500
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
                                     )
_____)

Opinion filed May 11, 2018.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Ita M. Neymotin, Regional Counsel,
Second District, and Stacy L. Sherman,
Assistant Regional Counsel, Office of
Criminal Conflict and Civil Regional
Counsel, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

          Alvin Arteaga appeals from a final order denying his motion and amended

motion for postconviction relief.  Some of the claims in these motions were denied after

an evidentiary hearing, while others were denied summarily.  We affirm the denial of all

but one claim without comment. We reverse the summary denial of a single claim for ineffective assistance of counsel based on trial counsel's conduct with respect to a jury instruction on the offense of manslaughter that allegedly omitted any discussion of justifiable and excusable homicide.

Following the death of his infant son, Mr. Arteaga was charged with and convicted of aggravated manslaughter by culpable negligence and aggravated neglect of a child. In his amended motion for postconviction relief, Mr. Arteaga raised a claim (claim four) in which he argued that his counsel was ineffective for failing to object to the omission of the justifiable and excusable homicide portions of the manslaughter jury instruction, which he asserted provided a viable defense in his case. The complete homicide instructions would have informed Mr. Arteaga's trial jury (1) that he could not be guilty of manslaughter if the homicide was either justifiable or excusable; (2) that a homicide is justifiable if "done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was"; and (3) that a homicide is excusable if committed by accident or misfortune while doing a lawful act by lawful means, while in the heat of passion, or while in sudden combat under certain circumstances. See Fla. Std. Jury Instr. (Crim.) 7.1 (providing the justifiable and excusable homicide instruction to be read in all homicide cases), 7.7(a) (providing the justifiable and excusable homicide instruction to be read for manslaughter charges); see also §§ 782.02, .03, Fla. Stat. (2007).

In support of his claim, Mr. Arteaga alleged that his trial counsel "agreed to" the incomplete manslaughter instruction but that he was unaware that the instruction to be given was incomplete and further "was unaware that said instruction applied in this case." As a result, Mr. Arteaga alleges that he was denied a valid defense. The

postconviction court summarily denied this claim because it concluded that the claim asserted only an alleged "trial court error" that must be raised "if at all, on direct appeal." The postconviction court's order neither considered whether the record conclusively refuted the claim nor attached any portions of the record that conclusively refuted it. See Fla. R. Crim. P. 3.850(f)(4) (requiring that trial court attach portions of record showing that any postconviction claim is conclusively refuted).

Mr. Arteaga argues on appeal that his motion set forth a facially sufficient claim of ineffective assistance of counsel that was not conclusively refuted by the record and, therefore, that the trial court erred in summarily denying it. We review the summary denial of a rule 3.850 motion de novo. Conley v. State, 226 So. 3d 358, 360 (Fla. 2d DCA 2017). The summary denial of claim four was appropriate if the claim, after an opportunity to amend, was facially insufficient or conclusively refuted by the record. See Fla. R. Crim. P. 3.850(f)(3), (4); see also Peede v. State, 748 So. 2d 253, 257 (Fla. 1999). The postconviction court did not conclude that the claim was conclusively refuted by the record, so the only issue here is whether it was facially sufficient. In answering that question, we accept Mr. Arteaga's allegations as true to the extent they are not refuted by the record. See Jennings v. State, 123 So. 3d 1101, 1121 (Fla. 2013).[1]

The postconviction court correctly stated that claims of trial court error are ordinarily remediable on direct appeal and thus not cognizable in a motion for

_____

[1]Because we have only a limited postconviction record, we cannot tell for certain whether the facts of the case or the defense he presented would have implicated either justifiable or excusable homicide. Based on the nature of the charges and age of the victim, it seems most likely that the accidental death portion of the excusable homicide instruction, if anything, would have been at issue here.

postconviction relief under rule 3.850.  See Bruno v. State, 807 So. 2d 55, 63 (Fla. 2001); Sampson v. State, 845 So. 2d 271, 272 (Fla. 2d DCA 2003).  Conversely, it is also true that claims of ineffective assistance of counsel are generally unsuited for resolution in a direct appeal and should instead be brought in a motion for postconviction relief under rule 3.850.  See, e.g., Cowan v. State, 725 So. 2d 1153, 1154 (Fla. 2d DCA 1998).  The manner in which the postconviction court applied these principles to this case is not clear.  Its order may mean that it decided one or both of two things.  It could have decided that as pleaded, Mr. Arteaga framed his claim concerning the incomplete manslaughter instruction as one of trial court error rather than as one of ineffective assistance of counsel.  It could also have decided that regardless of how Mr. Arteaga framed his claim, the giving of an incomplete manslaughter instruction was a trial court error that could only have been raised on direct appeal.  See Corzo v. State, 806 So. 2d 642, 644 (Fla. 2d DCA 2002) (distinguishing between issues that might have been raised on direct appeal and those that might or might not also be raised as postconviction ineffective assistance claims).  Either possibility is mistaken.

The possibility that Mr. Arteaga did not sufficiently plead the elements of a claim of ineffective assistance is not supported by a reading of his amended motion for postconviction relief.  That motion may not be the most precise one ever drafted, but it plainly pleaded a claim of ineffective assistance related to the manslaughter instruction. It begins with an overarching discussion of the ineffective assistance requirements of deficient performance and prejudice and then recites four claims that it explicitly ties to those legal standards.  See generally Strickland v. Washington, 466 U.S. 668 (1984) (identifying deficient performance and prejudice as the elements of a claim for ineffective assistance).  The fourth claim—the one that concerns the manslaughter

- 4 -

instruction—says in substance that Mr. Arteaga's counsel agreed to the incomplete instruction without knowing either what he was doing or that an incomplete instruction was being read and that the result was to deny him a valid defense. It is clear from the face of the motion, then, that Mr. Arteaga was pleading a claim that counsel's performance was deficient because he allowed the trial court to deliver a manslaughter instruction that did not contain the justifiable and excusable homicide portions of the manslaughter charge and that he was prejudiced as a result because he was denied jury consideration of a valid defense.

The possibility that Mr. Arteaga's claim could only be one of trial court error that could be raised only on direct appeal is not supported by the law. The applicable precedents, and those cited by Mr. Arteaga in his motion, recognize at least two situations in which a trial court's failure to instruct a jury on justifiable and excusable homicide in a case involving a charge of manslaughter may be remediable through a rule 3.850 postconviction motion based on ineffective assistance of counsel. The first is where no instruction is given and the evidence at trial would have supported a defense of justifiable or excusable homicide. The second is where no instruction is given and the defendant is actually convicted of manslaughter or a greater offense only one step removed from manslaughter (and an exception does not apply).

Analysis begins with our decisions in Spaziano v. State, 522 So. 2d 525 (Fla. 2d DCA 1988), and Tobey v. State, 533 So. 2d 1198 (Fla. 2d DCA 1988) (en banc). In Spaziano, a defendant convicted of first-degree murder appealed from the denial of a rule 3.850 motion alleging that his trial counsel was ineffective for failing to object to a manslaughter charge that did not include justifiable and excusable homicide. 522 So. 2d at 525. The shooting occurred during a confrontation between the

- 5 -

defendant and the victim.  Id. at 526.  There was evidence that the victim had threatened and harassed the defendant, that the victim had been using illegal drugs on the day of the shooting, and that the victim was known to carry a gun.  Id.  The defendant testified that he was extremely fearful at the time of the confrontation and that he shot the victim by accident, not knowing that the gun was loaded at the time.  Id.

We reversed the denial of the defendant's rule 3.850 motion on two grounds.  First, we held that "[b]ased upon the evidence at trial and the defense's theory of excusable homicide, it was incumbent on the trial court to give a full and accurate jury instruction on excusable homicide."  Id.  Second, we held that "when a manslaughter instruction is given, it is necessary that the complete definition of justifiable and excusable homicide be included as a part of the manslaughter instruction."  Id.  For that proposition, we relied on our decision in Alejo v. State, 483 So. 2d 117, 118 (Fla. 2d DCA 1986), which held that because manslaughter is statutorily defined as a killing that is not justifiable or excusable homicide, instructions on justifiable and excusable homicide must be given as a part of any manslaughter charge.  Id.  On both scores, we held that the trial court's failure to give a complete manslaughter instruction at the defendant's trial was fundamental error in the sense that it could have been remedied on direct appeal even absent an objection in the trial court.  Spaziano, 522 So. 2d at 526-27.

From there, we concluded that trial counsel's failure to object to the instruction "was an unreasonable omission which severely prejudiced his client's case inasmuch as the error complained of negated the only defense put forth by trial counsel."  Id. at 527.  Even though the error was fundamental, and thus could have been corrected on direct appeal without regard to preservation, we held that a rule

3.850 ineffectiveness claim was nonetheless proper. "Notwithstanding the fact that Spaziano's appellate counsel could have and should have brought this to our attention on direct appeal, for which error he can be labeled ineffective too, these errors should have been corrected at the rule 3.850 hearing." Id.

Several months after we decided Spaziano, we decided Tobey as an en banc court. There, a defendant who had been convicted of first-degree murder appealed from an order summarily denying a rule 3.850 motion alleging that his trial and appellate counsel had been ineffective for failing to object to a manslaughter charge that omitted the justifiable and excusable homicide instructions. 533 So. 2d at 1198. In that case, the record established that the defendant's excusable and justifiable homicide defenses to first-degree murder had not been negated by the failure to include excusable and justifiable homicide in the manslaughter instruction because a complete instruction on excusable and justifiable homicide was later given in addressing those defenses specifically. Id. at 1200. Relying on Spaziano, however, the defendant also argued that he was entitled to relief on a rule 3.850 motion alleging ineffective assistance because any jury charge on manslaughter must include the excusable and justifiable homicide instructions since manslaughter is defined as being a homicide that is not excusable or justifiable. See id. at 1198-99.

We took the case as an en banc court to correct that aspect of Spaziano—its statement that any failure to object to an incomplete manslaughter instruction always can be remedied on a rule 3.850 ineffectiveness motion as a fundamental error—and affirmed the summary denial of the defendant's motion after considering his ineffective assistance claim under that correction. Id. at 1198-1200. We reasoned that manslaughter was a lesser included offense that is two steps removed from first-degree

murder and that supreme court precedent makes clear that it is not fundamental error to "fail[] to give jury instructions for an offense which is two steps removed from the offense resulting in conviction." Id. at 1199 (citing State v. Abreau, 363 So. 2d 1063, 1064 (Fla. 1978)). We therefore receded "from the portion of Spaziano that can be read to mean that it is fundamental error to give an incomplete instruction on manslaughter by failing jointly to give an accurate instruction on justifiable and excusable homicide where the defendant is convicted of first degree murder." Id. (relying on Banda v. State, 536 So. 2d 221 (Fla. 1998)). Tobey reasoned that the failure to object to the incomplete manslaughter instruction, where not fundamental, was also not prejudicial. Id. Because the defendant in Tobey was convicted of first-degree murder, it was not fundamental error for the trial court to fail to give a complete manslaughter instruction, and relief by way of a rule 3.850 ineffective assistance of counsel claim was not available to him on that basis because he could not establish prejudice. See id. at 1199-1200.

Our opinion in Tobey also said that "[w]e adhere to that part of Spaziano, however, which holds that Spaziano's trial counsel was ineffective for failing to object to an erroneous instruction on the defense of justifiable and excusable homicide where evidence was presented to support that defense." Id. at 1199. This was because "[t]he failure to give an instruction on a defense encompassed within the evidence is fundamental error." Id. at 1200. This aspect of Spaziano, however, was not implicated by the facts in Tobey because the jury received an instruction on justifiable and excusable homicide as a defense to first-degree murder and its lesser included offenses. Id. What ultimately emerges from Spaziano and Tobey, then, is a core holding that (1) it is fundamental error remediable in a rule 3.850 ineffectiveness claim

- 8 -

to fail to instruct a jury on a defense of excusable or justifiable homicide in a case where the evidence supports it and (2) it is not fundamental error, and therefore not prejudicial for the purposes of a rule 3.850 ineffectiveness claim, to fail to include justifiable and excusable homicide in a manslaughter instruction when the defendant is convicted of a greater offense two or more steps removed from manslaughter.

After we decided Spaziano and Tobey, the supreme court held that it is fundamental error for a trial court to fail to include instructions on excusable and justifiable homicide in a manslaughter charge when, in contrast to the circumstances in Tobey where the offense of conviction was two steps removed from manslaughter, a defendant is convicted of manslaughter or a greater offense only one step removed. See State v. Lucas, 645 So. 2d 425, 427 (Fla. 1994) (recognizing, with one exception, that "failure to give a complete instruction on manslaughter . . . is fundamental error . . . where the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder"), receded from in part by State v. Spencer, 216 So. 3d 481 (Fla. 2017) (affirming Lucas but recognizing a second exception to its holding). The reasoning in Lucas is, distilled to essentials, the reasoning of Spaziano—namely, that because manslaughter is defined by not being either excusable or justifiable homicide, it is necessary for a manslaughter charge to instruct on those items. See Rojas v. State, 552 So. 2d 914, 916 (Fla. 1989) ("As in Spaziano . . ., the total omission of any reference to justifiable or excusable homicide in the definition of manslaughter was fatal."). Supreme court precedent also holds that the rule that a trial court fundamentally errs when it fails to give a complete manslaughter instruction and the defendant is convicted of manslaughter or a greater offense one step removed is subject to two exceptions: (1) where the defendant concedes that the

homicide is not excusable or justifiable, Spencer, 216 So. 3d at 486, and (2) where the defendant affirmatively agrees to or requests the erroneous instruction, Lucas, 645 So. 2d at 427.

Our decisions in Spaziano and Tobey explicitly link the question of whether trial counsel's failure to object to an incomplete manslaughter instruction is remediable in a rule 3.850 ineffectiveness claim to the question of whether the underlying instruction constituted fundamental error. Thus, under those decisions, a failure to object to an incomplete instruction where the defendant is convicted of manslaughter or a greater offense one step removed—the failure to give such an instruction being fundamental error—is remediable in a rule 3.850 ineffectiveness motion unless one of the two exceptions mentioned above applies. See Woody v. State, 27 So. 3d 745, 746 n.3 (Fla. 4th DCA 2010) (holding that claim of ineffective assistance based on failure to object to incomplete manslaughter instruction could be raised in a rule 3.850 ineffectiveness claim notwithstanding the State's contention that it was a claim of trial court error). As a result, a failure to object to the omission of justifiable and excusable homicide instructions in a manslaughter case is remediable under rule 3.850 based on ineffective assistance of counsel—assuming that deficient performance is pleaded and shown—where (1) the trial evidence implicates a defense of excusable or justifiable homicide or (2) the defendant is convicted of manslaughter or an offense one step removed, the manslaughter jury instruction does not explain justifiable and excusable homicide, and neither of the two exceptions to the rule that fundamental error occurs in these circumstances is applicable.

Here, the allegations of claim four of Mr. Arteaga's rule 3.850 motion implicate each of these two circumstances. First, the motion alleges that trial counsel's

failure to ensure that he received an instruction on justifiable and excusable homicide denied him a valid defense to the aggravated manslaughter offense with which he was charged. Reasonably understood, this allegation implicates the notion that the trial evidence would have supported a defense of excusable or justifiable homicide. Second, the motion asserts that he was actually convicted of manslaughter, such that the failure to give a complete instruction would necessarily be remediable in a rule 3.850 ineffective assistance motion unless an exception applies. To be sure, the motion also alleges that Mr. Arteaga's counsel "agreed to" the instruction that was given, which might suggest that an exception applies. But that allegation was qualified by assertions that counsel did not know that the instruction was incomplete and that counsel did not know the instruction applied, which suggests that counsel's agreement was akin to a mere failure to object—or at least something short of the affirmative agreement or request that the supreme court has held is necessary to take the administration of an incomplete manslaughter instruction out of the realm of fundamental error. See Spencer, 216 So. 3d at 488. As such, Mr. Arteaga's motion sufficiently alleged a claim of ineffective assistance of counsel that could not be regarded solely as a claim of trial court error remediable only on direct appeal. It was error for the postconviction court to fail to address Mr. Arteaga's claim as one of ineffective assistance of counsel.

One final word. We recognize that Spaziano and Tobey hinged on whether the failure to instruct a jury on excusable and justifiable homicide in a case involving manslaughter constituted fundamental error. We also recognize that our more recent cases call into question whether and to what extent the characterization of an error as fundamental in the sense that it can be raised on direct appeal notwithstanding a failure to object in the trial court matters at all to whether that error is remediable in a

- 11 -

rule 3.850 motion alleging ineffective assistance and that those cases have not necessarily spoken with a single voice on the subject. Compare, e.g., Johnson v. State, 120 So. 3d 629, 632 (Fla. 2d DCA 2013) (holding that a trial court's fundamental error in relying on an impermissible sentencing factor could be raised in a rule 3.850 ineffective assistance motion, even though it could have been but was not raised on direct appeal, because "the fact that a claim of trial court error was or could have been raised on direct appeal does not bar a claim of ineffective assistance that arises from the same facts"), with Hughes v. State, 22 So. 3d 132, 135 (Fla. 2d DCA 2009) (stating, in dictum, that an ineffective assistance claim should not be raised with an allegation that it is a matter of fundamental error because, in such circumstances, "the defendant essentially invites the trial court . . . to dismiss the claim as one that could and should have been resolved on direct appeal"). It is not necessary—nor, given our sparse summary postconviction record, is it advisable—that we wander into that thicket here. Spaziano and Tobey address the specific error that is alleged in claim four of Mr. Arteaga's amended motion and command the conclusion that that error is cognizable in a rule 3.850 ineffective assistance proceeding in the circumstances we have identified.[2] Unless and until we recede from those precedents, they control the consideration of the issue in cases like this one.

Accordingly, while we affirm in all other respects, we reverse the postconviction court's order insofar as it summarily denied claim four of Mr. Arteaga's amended motion for postconviction relief without considering it as a claim of ineffective

---

[2]To the extent that the law might recognize other circumstances in which an alleged failure to instruct a manslaughter jury on justifiable and excusable homicide might be remediable in a rule 3.850 ineffectiveness claim—a matter upon which we express no opinion—we note that claim four does not purport to allege any.

assistance of counsel. We remand for such further proceedings as are not inconsistent with this opinion. If the record conclusively refutes any claim that Mr. Arteaga is entitled to relief, the postconviction court remains free to summarily deny the claim provided that it attaches to its order the appropriate portions of the record. Otherwise, the postconviction court should conduct an evidentiary hearing on claim four.

Affirmed in part; reversed in part; remanded.

NORTHCUTT and BLACK, JJ., Concur.